IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MORRIS FELTON, #292689 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:16-cv-87-WHA |
| | ) | |
| KENNETH JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Morris Felton ("Felton"), an inmate of the Alabama Department of Corrections, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences in the Circuit Court for Crenshaw County, Alabama, for sexual abuse of a child under the age of 12 and first-degree sodomy. Doc. 1. The court recommends that the petition be denied and the case dismissed.

**I. PROCEDURAL HISTORY**

Felton was indicted for first-degree sodomy, in violation of Alabama Code § 13A-6-63(a)(3) and sexual abuse of a child under the age of twelve, in violation of Alabama Code § 13A-6-69.1(a). Docs. 6-1 at 2-3, 6-6 at 1. The evidence at trial included, among other things, prior statements from the victim through testimony from the victim's teacher, the victim's school nurse, a medical doctor who performed a sexual abuse exam on the victim, and a Department of Human Resources investigator. The victim, A.B., also testified at trial. Docs. 6-1 at 118, 6-6 at 2-4.

Before A.B. testified, the court instructed the jury, "She is a child; so I'm not going to give her an oath, of course, like I do those of age who understand an oath. I'm going to allow [the

prosecutor] to address her about telling the truth, and so I hope that will be sufficient. And I will give you an instruction at the end of all the evidence about weighing testimony of witnesses. And just take into account she is a child witness in this case." Doc. 6-2 at 100. At the time of trial, A.B. was in third grade, under the age of twelve, and she had an intellectual disability. *Id.* at 57, 101. A.B. told the prosecutor that she knew the difference between telling the truth and telling a lie, and she said she would tell the truth in response to the prosecutor's questions. *Id.* at 101-02. Defense counsel objected to the prosecutor's method—asking A.B. whether his tie was red or not—was adequate to determine whether A.B. knew the difference between truth and lies. *Id.* at 103. The trial court was satisfied that A.B. was qualified to testify. *Id.*

The jury found Felton guilty of both charges. Doc. 6-3 at 7. The trial court sentenced Felton to 99 years in prison on the sodomy charge and 20 years on the sexual assault charge, to be served concurrently. Docs. 6-3 at 16-17, 6-6 at 1.

Felton appealed, raising one issue that is relevant for this federal habeas proceeding. Doc. 6-4 at 5. Felton argued the trial "court erred in allowing testimonial evidence in as offered by employees of the Department of Human Resources and others as to the truthfulness of the victim's out of court statement." Doc. 6-4 at 29 (capitalization altered). He summarized the argument stating, "[t]he State used the child to testify but because of her mental incapacity also elicited hearsay testimony from DHR witnesses and others (her teacher, the school nurse) which is clearly inadmissible under Code of Alabama 1975, 15-25-32."[1] *Id.* Felton argued the prior statements of

---

[1] Ala. Code § 15-25-32 (1975) provides that, when related to a crime involving child physical offense or sexual offense, an out-of-court statement by a child under 12 may be admitted if:

(1) The child testifies at the proceeding . . . and at the time of such testimony is subject to cross-examination about the out-of-court statements; or

(2)         a. The child is found by the court to be unavailable to testify on any of these grounds . . . and

            b. The child's out-of-court statement is shown to the reasonable satisfaction of the court to possess particularized guarantees of trustworthiness.

A.B., allowed through other witnesses, violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution as set out in *Crawford v. Washington*, 541 U.S. 36 (2004). Doc. 6-4 at 35.

The Alabama Court of Criminal Appeals disagreed with Morris and affirmed the convictions. Doc. 6-6. It recognized that in *Crawford*, the Supreme Court held "'that, regardless of whether an out-of-court statement is deemed reliable by the trial court, an out-of-court statement by a witness that is testimonial is barred under the Sixth Amendment's Confrontation Clause, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. at 68.'" Doc. 6-6 at 5 (quoting *Styron v. State*, 34 So.3d 724, 730 (Ala. Crim. App. 2009)).[2] The Court of Criminal Appeals identified what types of statements the United States Supreme Court considered to be "testimonial" and "nontestimonial" in the subsequent ruling, *Davis v. Washington*, 547 U.S. 813, 822 (2006). Doc. 6-6 at 5-6 (quoting *Styron*, 34 So.3d at 730-31, further quoting *Davis*, 547 U.S. at 822).

The Court of Criminal Appeals then explained that, under Alabama Code § 15-25-32(1), a court may admit a statement made outside of court by a child under twelve if the child testifies at the proceeding or through certain other means, "'and at the time of such testimony is subject to cross-examination about the out-of-court statements.'" Doc. 6-6 at 6 (quoting *Styron*, 34 So. 3d at 731, further quoting Ala. Code § 15-25-32(1) (1975)). The Court of Criminal Appeals held that, in Felton's case, there was no Confrontation Clause error under *Crawford* because A.B. testified at trial and was subject to cross-examination. Doc. 6-6 at 6. It rejected Felton's reliance on *T.P. v.*

---

[2] In *Styron*, the Court of Criminal Appeals recognized that, "[a]lthough the United States Supreme Court's decision in *Crawford* effectively abrogated subsection b. of § 15-25-32(2), § 15-25-32 still requires the declarant's unavailability in order to admit an out-of-court statement made by a child under the age of 12." *Styron*, 34 So.3d at 731; *cf.* Ala. Code § 15-25-32(1) (providing, in relevant part, that an out-of-court statement may be admitted if "[t]he child testifies at the proceeding . . . and at the time of such testimony is subject to cross-examination about the out-of-court statements . . . .").

*State*, 911 So. 3d 1117 (Ala. Crim. App. 2004), because, unlike Felton's case, the victim in *T.P.* did not testify at trial and was not subject to cross-examination. Doc. 6-6 at 6. The Court of Criminal Appeals went on to hold that even if the trial court erred in admitting A.B.'s statements to the DHR worker and physician, the error was harmless because their testimony was cumulative of A.B.'s statements admitted through her school teacher and school nurse. Doc. 6-6 at 6-7.

Felton sought rehearing, reasserting substantially the same arguments he previously made, and adding, "the trial court erred in admitting the testimony because the victim had not previously testified." Doc. 6-7 at 14. The Court of Criminal Appeals denied the request for rehearing, and the Alabama Supreme Court denied further review.[3] A certificate of judgment issued on February 13, 2015. Docs. 6-8, 6-9, 6-10, 6-11. Felton did not seek post-conviction relief under Alabama Rule of Criminal Procedure 32.

## II. HABEAS PETITION AND RESPONDENTS' ARGUMENTS

Felton argues that his "conviction is in violation of his right to confrontation under the Sixth and Fourteenth Amendments to the United States Constitution." Doc. 1 at 4. He argues that the Alabama state court decision was contrary to and involved an unreasonable application of clearly established Supreme Court law as set out in *Crawford*, or was an unreasonable determination of the facts. Doc. 1 at 4; Doc. 10 at 11; *see* 28 U.S.C. § 2254(d) (standard for federal habeas relief). Felton acknowledges that in *Crawford*, the Supreme Court noted that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Doc. 1 at 11; *see Crawford*, 541 U.S. at 59 n.9 (citing *California v. Green*, 399 U.S. 149, 162 (1970)). However, Felton argues, no oath was

---

[3] Respondents did not submit a copy of Felton's petition for writ of certiorari to the Alabama Supreme Court. Respondents assume, but they state they cannot be certain, that Felton raised his Confrontation Clause claim in his petition for writ of certiorari. Doc. 6 at 4.

administered to A.B., and her statements about what happened "were wildly varying. Thus, Felton had no opportunity to fully and effectively cross examine her under oath with her being impressed of the seriousness of the matter with an understanding of the possibility of a penalty for perjury." Doc. 1 at 11.

Respondents "assume, but cannot be certain," that Felton raised his Confrontation Clause claim to the Alabama Supreme Court, thus exhausting his claim under *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"). Doc. 6 at 4. This court does not treat Respondents' statement as a waiver of the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3) (requiring an express waiver). Respondents admit that Felton's petition is timely. *Id.* at 5. Respondents argue there was no state court error under *Crawford* warranting § 2254 relief because the victim testified at trial and was subject to cross-examination. *Id.* at 7-8.

This court entered an order inviting Felton to respond to the answer, and advising Felton of the constraints that 28 U.S.C. § 2254(d) places on federal courts to grant habeas relief, including procedural default of federal claims, as well as the ways to overcome default. Doc. 7.

Felton responded. Doc. 10. In his response, Felton reiterates the same arguments he made in his initial petition, and he expands on his argument that A.B.'s testimony at trial is not dispositive of the issue whether the trial court erred in allowing testimony regarding A.B.'s out-of-court statements. Doc. 10 at 9-11. Felton argues that when the Alabama Court of Criminal Appeals held that admission of testimony by the DHR worker and the physician was harmless because it was cumulative of testimony by the school teacher and school nurse, the state court relied on a false premise that the testimony of the teacher and nurse were lawfully admitted. *Id.* at 11. Felton argues that all four of these witnesses improperly repeated A.B.'s testimonial

statements, and "admission of constitutionally inadmissible evidence was not made all right by the admission of other constitutionally inadmissible evidence." *Id.*

After reviewing the § 2254 petition, Respondents' answer, Felton's response, the state court record, and applicable federal law, the court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts.

### III. DISCUSSION

This federal court may consider a petition "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Consequently, this Court has authority to grant habeas relief for errors of federal law only, not state law. *Id.*; *see also Ferguson v. Sec'y, Dep't Corr.*, 580 F.3d 1183, 1211-12 (11th Cir. 2009) (holding that claim involving solely state law issues could not serve as the basis for a federal habeas claim).

For claims properly before a federal court, a writ of habeas corpus shall be granted only if the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Antiterrorism and Effective Death Penalty Act of 1996 "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). The Supreme Court has held that a state court

decision is "contrary to" federal law under § 2254(d)(1) "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694. Under the "unreasonable application" standard, this Court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams v. Taylor*, 529 U.S. 362, 411-13 (2000) (O'Connor, J., delivering the opinion of the Court with respect to Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Supreme Court recently reemphasized this deferential standard, saying "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

As for the unreasonable determination of facts prong under § 2254(d)(2), the federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct.

2269, 2277 (2015) (citation omitted) (alteration in original). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id.* (quotation marks and citations omitted) (alteration in original).

Factual issues made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Supreme Court has recognized there is a question about the relationship between § 2254(d)(2)'s "unreasonable determination of the facts" standard and § 2254(e)(1)'s factual presumption, but it has "not yet defined the precise relationship between [them.]" *Brumfield*, 135 S. Ct. at 2282 (quotation marks and citation omitted). If a petitioner failed to develop the factual basis of a claim in state court, the federal court cannot hold an evidentiary hearing unless the petitioner shows "the claim relies on . . . a new rule of constitutional law, made retroactive . . . ; or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief." *Cullen*, 131 S. Ct. at 1401.

Except for certain kinds of error that require automatic reversal, even when a state petitioner's federal rights are violated "relief is appropriate only if the prosecution cannot demonstrate harmlessness." *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015); *see also Glebe v. Frost*, 135 S. Ct. 429, 430-31 (2014) ("Only the rare type of error—in general, one that infect[s] the entire trial process and necessarily render[s] [it] fundamentally unfair—requires automatic reversal.")

(quotation marks omitted, alterations in original). "Harmlessness" in the context of § 2254 means "the federal court has 'grave doubt about whether a trial error of federal law had "substantial and injurious effect or influence in determining the jury's verdict."'" *Id.* at 2197-98 (citation omitted). This standard, which is taken from *Brecht v. Abrahamson*, 507 U.S. 619 (1993), requires "more than a 'reasonable possibility' that the error was harmful." *Davis*, 135 S. Ct. at 2198 (quoting *Brecht*, 507 U.S. at 637); *cf. Chapman v. California*, 386 U.S. 18, 24 (1967) (standard for harmlessness on direct review from a state court to the U.S. Supreme Court is whether the error was "harmless beyond a reasonable doubt"). When a state court determines the harmlessness question, "the *Brecht* test subsumes the limitations imposed by AEDPA." *Davis*, 135 S. Ct. at 2199.

These strict limitations reflect that habeas relief is granted sparingly, reserved for "'extreme malfunctions in the state criminal justice systems'" and "not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington*, 131 S. Ct. at 786, and further quotation marks omitted). As the Supreme Court has reminded courts, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. . . . [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Harrington*, 131 S. Ct. at 786. Within that disciplined legal framework, the Court addresses Felton's claim.

### A. Confrontation Clause Claim

The Confrontation Clause of the Sixth Amendment to the United States Constitution applies to federal and state prosecutions and provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const.

amend. VI; *Crawford*, 541 U.S. at 42. In *Crawford*, the defendant was charged with assault and attempted murder after he "stabbed a man who allegedly tried to rape his wife." *Crawford*, 541 U.S. at 38-40. The declarant at issue was the defendant's wife, and she was unavailable to testify because the state marital privilege barred her testimony. *Id.* at 40. The prosecution offered her tape-recorded statements to police about the incident. *Id.* The Supreme Court stepped back from prior standards for admissibility that relied on general reliability of statements. *Id.* at 63. It stated, "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59 (footnote omitted). The Court held the prior statements of the unavailable declarant in *Crawford* were "testimonial," and the defendant had no prior opportunity to cross-examine her, therefore their admission into evidence at trial violated the Sixth Amendment. *Id.* at 68-69. In a footnote, the Court remarked, in relevant part:

> Finally, we reiterate that, *when the declarant appears for cross-examination at trial,* the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. *See California v. Green*, 399 U.S. 149, 162 (1970). It is therefore irrelevant that the reliability of some out-of-court statements "'cannot be replicated, even if the declarant testifies to the same matters in court.'" *Post*, at 1377 (quoting *United States v. Inadi*, 475 U.S. 387, 395 (1986)). The Clause does not bar admission of a statement so long as *the declarant is present at trial to defend or explain it.* (The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. *See Tennessee v. Street*, 471 U.S. 409, 414 (1985).)

*Crawford*, 541 U.S. at 59 n.9 (emphasis added).

The Alabama Court of Criminal Appeals accurately set out the requirements in *Crawford*. It ruled that A.B. was available for trial, and Felton had an opportunity to cross-examine her, therefore the concerns in *Crawford* did not apply to A.B.'s prior out-of-court statements. Doc. 6-5 at 6. The decision of the Court of Criminal Appeals was entirely consistent with *Crawford*, in particular footnote 9. It was not contrary to, or involved an unreasonable application of, the

Supreme Court's decision in *Crawford*. *See Lockyer*, 538 U.S. at 76. Consequently, the decision

is not a basis for habeas relief under 28 U.S.C. § 2254(d)(1).

### B. Felton's Challenge to A.B.'s Testimony

Felton argues, however, that A.B.'s appearance at trial is not dispositive of the

Confrontation Clause issue because A.B., who is intellectually disabled, was not placed under oath,

and her statements about the events "were wildly varying. Thus, Felton had no opportunity to fully

and effectively cross examine her under oath with her being impressed of the seriousness of the

matter with an understanding of the possibility of a penalty for perjury." Doc. 1 at 11.

Felton did not attack the competency of A.B.'s testimony in his direct appeal of his

conviction. The time to do so has passed,[4] consequently, the argument could be deemed

procedurally defaulted on a state law ground that is independent of the federal question and

adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991)

(discussing exhaustion and procedural default principles). Felton makes no attempt to excuse his

procedural default of the issue. *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)

(explaining the two instances in which a petitioner may obtain federal review of a procedurally

defaulted claim).

At best, Felton's argument is that the state court decision was based on an unreasonable

determination of the facts regarding A.B.'s competency to testify in light of the evidence presented

in the State court proceeding. *See* 28 U.S.C. § 2254(d)(2). But "[r]easonable minds reviewing the

record might disagree about the finding" regarding A.B.'s ability to testify, and "on habeas review

that does not suffice to supersede the trial court's . . . determination." *Brumfield*, 135 S. Ct. at 2277

---

[4] "It is a well-established principle of appellate review that we will not consider an issue not raised in an appellant's initial brief, but raised only in the reply brief." *Lloyd Noland Hosp. v. Durham*, 906 So.2d 157, 173 (Ala. 2005). It is also too late for Felton to bring a postconviction action challenging counsel's failure to raise the issue. *See* Ala. R. Crim. P. 32.2(c) (setting a one-year deadline from the completion of the direct appeal to file most Rule 32 claims).

(quotation marks omitted); *see also Wheeler v. United States*, 159 U.S. 523, 524-25 (1895) ("[T]here is no precise age which determines the question of competency. . . . The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence, as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review, unless from that which is preserved it is clear that it was erroneous."). Consequently, Felton does not show the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). To the extent Felton argues that the state court's finding regarding A.B.'s competency to testify should not be presumed correct, Felton has not met his burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

At worst, Felton's argument regarding A.B.'s competency to testify is based on only a violation of state evidentiary law, which is not a ground for habeas relief unless it affects the fundamental fairness of the trial in violation of federal due process rights. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see id.* at 70 (holding petitioner's "due process rights were not violated by the admission of the evidence"). Alabama state law governs the admission of testimony. *See* Ala. Code §§ 15-25-31, 15-25-32 (1970); *see also Boyle v. State*, 154 So. 3d 171, 199 (Ala. Crim. App. 2013) (discussing Ala. R. Evid. 601, 603, regarding trial court's duty to determine a child witness's ability to tell the truth). Even assuming the argument is preserved for review, Felton does not argue or show that admission of the evidence rendered his

trial fundamentally unfair. *See Estelle*, 502 U.S. at 67-68. The state court decision in Felton's case was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

### C. No Evidentiary Hearing Is Required

Felton asks for an evidentiary hearing. Doc. 1 at 13. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). No hearing is required because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Morris Felton be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before February 16, 2018, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of

13

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 2nd day of February, 2018.


/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE